Curia, per
O’Neall, J.
In this case the Court perceives no reason-to be dissatisfied with the verdict.
It is perhaps proper to explain the first sentence of the presiding Judge’s instructions to the jury.
It is plain from the result of the case, by which the defendants obtained the benefit of a deduction of two years’ value from the purchase of the patent, that he did not rule or hold that an abatement might not be made without a surrender of the patent, or an offer to surrender it, but that a surrender or an offer to surrender was necessary (when it was not wholly worthless) to rescind the contract.
When a party buys a patent as well as any other species of property, and gives his note for the purchase money, he is bound to shew a failure of consideration before he can claim re-, lief. As, where the failure arises from want of title to a patent, he is bound to shew that, by either shewing a defect in the patent itself, or that the assignment in some way cannot have effect.
*79 The case from 4 Blackf. 183, cited for the defendants, shews this, for there the defendant pleaded and set out the defect in the assignment. To that plea the plaintiff demurred, thus admitting the fact, and the Court held that the defence was good.
Here the alleged defect was not made to appear and hence, the defendants could have no benefit from it.
Whether the pump was capable of performing as the plaintiff represented — whether it was wholly worthless, and “ a humbug,” as the defendants alleged, were questions for the jury, and were properly submitted to them by the Court.
They have found against the defendants on these questions, and we cannot discover any error in their conclusion.
The motion is dismissed.
Wardlaw, Withers, Whitner, Glover, and Munro, JJ., concurred.

Motion dismissed.